Nathan Kevin TURNER,
Plaintiff–Appellant,

v.

John ROHRER, M.D., Defendant–
Appellee.

No. 13–16558.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 23, 2014.*

Filed Oct. 8, 2014.

Nathan Kevin Turner, Vacaville, CA, pro se.

Scott John Feudale, Esquire, Deputy Attorney General, AGCA–Office of the California Attorney General, San Francisco, CA, for Defendant–Appellee.

Before: W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

## MEMORANDUM **

California state prisoner Nathan Kevin Turner appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment because Turner failed to raise a genuine dispute of material fact as to whether defendant consciously disregarded a serious risk to Turner's health related to his knee and shoulder injuries by failing to classify his medical needs as "urgent" or not pursuing a more aggressive course of treatment. *See Farmer v. Brennan,* 511 U.S. 825, 845, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (a prison official acts with deliberate indifference if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it"); *Toguchi,* 391 F.3d at 1058 (prisoner's difference of opinion with physician regarding course of treatment is not sufficient; rather, to show deliberate indifference, prisoner must establish that the chosen course of treatment "was medically unacceptable under the circumstances" (citation and internal quotation marks omitted)); *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir.1991) ("[A] party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.").

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.